896 A.2d 503

ESTATE OF V.M., PETITIONER–APPELLANT, v. DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES & BERGEN COUNTY BOARD OF SOCIAL SERVICES, RESPONDENTS–RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 28, 2006—Decided April 25, 2006.

Before Judges COBURN, COLLESTER and LISA.

*Richard J. Kozel* argued the cause for appellant.

*Julie Hubbs,* Deputy Attorney General, argued the cause for respondent Division of Medical Assistance and Health Services (*Zulima V. Farber,* Attorney General, attorney; *Michael J. Haas,* Assistant Attorney General, of counsel; *Monica Viggiano,* Deputy Attorney General, on the brief).

*Bergen County Board of Social Services* did not participate in this appeal.

The opinion of the court was delivered by

LISA, J.A.D.

Appellant, Estate of V.M., appeals from a final decision of the Division of Medical Assistance and Health Services (Division) that denied appellant's request to modify the eligibility date for Medicaid benefits. Appellant argues that the Division's findings are not supported by the record, that V.M. was wrongfully deprived of the right to directly receive notice of the denial of her earlier Medicaid applications, and that the appropriate remedy is to grant Medicaid benefits retroactively based upon the date of the initial application made on V.M.'s behalf. We reject these arguments and affirm.

The Division referred the matter to the Office of Administrative Law, where it was tried on stipulated facts. These are the

pertinent facts, derived from the stipulation. V.M. became a resident at Woodcliff Lake Manor Care Center in May 2002. V.M.'s daughter, C.L.W., filed a Medicaid application on V.M.'s behalf on June 18, 2002, which was denied on July 18, 2002. Further applications were filed by either C.L.W. or her husband, J.W., on March 25, 2003, which was denied on May 6, 2003, and on June 10, 2003, which was denied on July 29, 2003. Notice of each denial was sent to C.L.W. or J.W. No notice of denial was sent to V.M. No request for a fair hearing of the denials was made by either C.L.W. or J.W.

Another application was made by C.L.W. or J.W. on January 13, 2004. The application was approved, and Medicaid benefits were granted to V.M., retroactive to October 1, 2003. V.M. subsequently died. C.L.W. was appointed administrator of her mother's estate. Acting in that capacity, she requested a fair hearing from the aspect of the approval of Medicaid benefits setting the effective date at October 1, 2003. The estate contended that because notices of the denial of the three earlier applications were not sent personally to V.M., the proceedings were defective, and the benefits ultimately approved should be made retroactive based upon the date of the first application.

The Administrative Law Judge (ALJ) issued his Initial Decision on June 7, 2005. He rejected appellant's argument and affirmed the eligibility date set by the Division. The ALJ noted that under the applicable regulations, the notice of denial and the right to a fair hearing must be sent in writing to "the applicant for, or beneficiary of, Medicaid Only," *N.J.A.C.* 10:71–8.3, and that "applicant" is defined to include "the aged, disabled, or blind individual or his/her authorized agent who executes the formal written application." *N.J.A.C.* 10:71–2.1. Thus, because C.L.W. and J.W. acted as V.M's authorized agents in submitting the application forms, notice of action sent to them was in full compliance with the regulatory requirements. On July 19, 2005, the Division issued its final decision. It adopted the initial decision of the ALJ, substantially for the reasons set forth by the ALJ.

 We find unpersuasive appellant's argument that the New Jersey regulations previously quoted are invalid because they are contrary to federal regulations pertaining to such notices. States that choose to participate in the Medicaid program must comply with the federal Medicaid statute and regulations and must submit a State Plan for approval by the Secretary of the United States Department of Health and Human Services (Secretary). *County of Camden v. Waldman*, 292 *N.J.Super.* 268, 278, 678 *A.2d* 1101 (App.Div.1996), *certif. denied*, 149 *N.J.* 140, 693 *A.2d* 109 (1997).

The federal Medicaid regulations require that the applicant be notified in writing of a State agency decision. 42 *C.F.R.* § 431.245(a) (2006). Unless the "context indicates otherwise," the regulations define "applicant" as the "individual whose written application for Medicaid has been submitted ... but has not received final action" and includes "an individual ... whose application is submitted through a representative or a person acting responsibly for the individual." 42 *C.F.R.* § 400.203 (2006). Thus, according to appellant, the agent of the individual for whose benefit the application has been made is not an "applicant" and notice of a State agency action to the agent is ineffectual. We reject the restrictive interpretation of the federal regulations urged by appellant.

 The federal regulations also provide that "[w]ithin broad Federal rules, each State decides eligible groups, types and range of services, payment levels for services, and *administrative and operating procedures.*" 42 *C.F.R.* § 430.0 (2006) (emphasis added). The Medicaid program in New Jersey has been approved by the Secretary. The notice provisions under the New Jersey program are reasonable and consistent with the objectives of the federal Medicaid Act. *See Monmouth Med. Ctr. v. State*, 158 *N.J.Super.* 241, 385 *A.2d* 1244 (App.Div.1978), *aff'd*, 80 *N.J.* 299, 403 *A.2d* 487, *cert. denied*, 444 *U.S.* 942, 100 *S.Ct.* 297, 62 *L.Ed.2d* 308 (1979).

The procedures established in New Jersey sensibly authorize that notice be provided to either the proposed beneficiary or that

person's authorized agent who submitted the application. Many proposed beneficiaries, including nursing home residents, are debilitated and unable to submit their own applications. Furnishing notice to such an individual would hardly serve the purpose of affording that individual an opportunity to seek redress from adverse action. In cases where the application is executed and submitted by an authorized agent, it is reasonable to assume that some impediment interfered with the ability of the proposed beneficiary to prepare and submit the application personally. The agent's interest in pursuing the benefits corresponds to the interest of the proposed beneficiary. In such circumstances, notice to the agent will serve its intended purpose. *See Cook v. Hairston*, 948 *F.*2d 1288 (6th Cir.1991) (distinguishing between propriety of notices sent to representative of a proposed Medicaid beneficiary who had submitted her own application (found improper), and to representatives who had submitted applications on behalf of proposed beneficiaries (found proper)).

 We are satisfied that the procedures prescribed by New Jersey's Medicaid program for notices of action on an application are not inconsistent with the federal regulations. In the context presented in this case, V.M.'s daughter and son-in-law, acting on V.M.'s behalf, were properly deemed "applicants" and notice to them was effectual. The federal regulations are designed to ensure that due process is provided to the parties in interest. There was no denial of due process here. Notice of the agency action was sent to the authorized agent of V.M., the individual chosen by V.M. to act as her agent. Indeed, that very individual ultimately requested a fair hearing regarding the effective date of the benefits.

There is nothing in the stipulated facts to suggest that the authorized agents failed to act appropriately on V.M.'s behalf and cooperatively with her. Appellant bore the burden of proof. In the absence of evidence, by stipulation or otherwise, that V.M.'s agents failed to act appropriately in the application process, it was reasonable for the Division to infer that V.M.'s agents, who filed

four applications on her behalf, ultimately requested a fair hearing, and exhausted all available administrative avenues of relief, acted reasonably, responsibly and cooperatively on V.M.'s behalf.

We will not reverse an agency decision unless it is arbitrary, capricious or unreasonable, or it is not supported by substantial credible evidence in the record as a whole. *In re Distrib. of Liquid Assets Upon Dissolution of the Union County Reg'l High Sch. Dist. No. 1,* 168 *N.J.* 1, 10–11, 773 *A.*2d 6 (2001); *In re Taylor,* 158 *N.J.* 644, 656, 731 *A.*2d 35 (1999). Applying this standard, we have no occasion to interfere with the decision rendered by the Division.

Affirmed.